**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:05CV-P84-M**

**ULYSSES S.G. DAVIS III**                                                                                          **PLAINTIFF**

**v.**

**CHARLES BASTINGS,** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, an inmate currently housed in the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff is a prisoner suing state officers and employees, the Court must *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Before undertaking such a review of the complaint, however, the Court will first address Plaintiff's motions for preliminary injunctive relief (DNs 4 & 8) due to the seriousness of the allegations contained therein.  For the reasons that follow, Plaintiff's motions will be denied.

**I.  PLAINTIFF'S ALLEGATIONS**

**A.  First Motion for Preliminary Injunctive Relief (DN 4)**[1]

In the first motion, Plaintiff asserts that he is "in need of immediate life saving action by this Court against these Defendants[] Due to his abusive condition and the threats being made upon his life."  He broadly reports "injury at the hands of K.S.P. officials," an assault "suffered at the hands of GRCC officials,"[2] and theft and destruction of his personal property at both institutions.

---

[1]Plaintiff actually styles the motion as one for "*permanent* injunction Fed. R. Civ. P. 65(A)(2)." (emphasis added).  Rule 65(a) of the Federal Rules of Civil Procedure pertains to preliminary injunctive relief.  This fact along with Plaintiff's allegation that he is "in need of immediate life saving action by this Court" compels this Court to construe the motion as one for *preliminary* injunctive relief.

[2]GRCC is an abbreviation for Green River Correctional Complex.

Although not entirely clear, it further appears that Plaintiff contends that unnamed KSP officials are not allowing him access to documents needed for a Kentucky Board of Claims action.

As relief, Plaintiff seeks (1) transfer back to GRCC in general population with specific placement in "Dorm 6# BU 05"; (2) removal of the restitution penalty imposed following a GRCC adjustment committee hearing; (3) provision of "communal religious services while house in segregation unit at the Institutional Chapel at any facility of corrections in the State of Kentucky"; (4) entitlement to "workfare," instead of the labor pool, at any institution that houses him; (5) unlimited access to the law library in any correctional facility in the State of Kentucky; (6) legal assistance from an inmate "who is trained as paralegal assistants working under a lawyer's supervision[] or supply a attorney."

### B.  Second Motion for Preliminary Injunctive Relief (DN 8)[3]

In this more recently filed motion, Plaintiff reports that he has been attacked twice.  The first incident occurred on May 10, 2005, when "the female cage operator" at KSP opened Plaintiff's cell, allowing Inmate Chad Schmidt to access Plaintiff's cell.  Plaintiff claims that Inmate Schmidt attempted to "cut his throat with a razor blade melted into a handle of a white plastic spoon."  A physical altercation ensued, but Plaintiff was able to defend himself and successfully seek safety. As to the second attack, Plaintiff simply states that "a second incident occurred on May 31, 2005." He fails to provide the Court with a clear explanation of what happened during the second attack, although he does place blame for the attack on Officer Charles Roberts.

---

[3]Plaintiff actually styled this motion as one "to hear need for injunction due to Defendants violent conduct towards Plaintiff."  Within this motion, however, Plaintiff again cites to Rule 65(a) and seeks immediate injunctive relief, not a hearing.  Thus, the Court construes this motion as a second motion for preliminary injunctive relief.

Plaintiff further claims that he does not have access to a law library, that he is being retaliated against for filing this complaint and others, that Sergeant Noles spit in his breakfast tray, and that Sergeant Noles and Officer Tyler flushed his prayer cap down a toilet, stole his ink pens, trashed his legal papers and newspapers, and "stripped [him] down naked for three days and convicted him of a Cat: 3 Item: 2" offense.

Plaintiff reports that he "has filed grievance directly to the wardens office. And wrote another complaint to Pattie Treat, his Boss.  Nothing has happened and still Plaintiff is confronted with this abuser and violator of policies and ethics."[4]

Finally, Plaintiff requests nearly identical injunctive relief as requested in his first motion. Particularly, he requests removal from segregation, transfer back to GRCC with placement in general population, and removal and suspension of the restitution penalty.

## II.  ANALYSIS

A preliminary injunction is an injunction that is "issued to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."  11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2947 (2d ed. 1995).  In deciding whether such relief is appropriate, a court must consider four factors:  "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction."  *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985); *see also Doe v. Barron*, 92 F. Supp. 2d 694, 695 (S.D. Ohio 1999).  The four criteria are meant to guide the court's discretion and to serve as factors

---

[4]It is unclear which claim(s) Plaintiff grieved; however, he discusses his attempts to grieve after alleging that Officer Roberts is to blame for the second attack.

to be balanced, rather than rigid requirements to be met in every case. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 653 (6th Cir. 1996). The district court is required by Rule 52 of the Federal Rules of Civil Procedure to make findings concerning all four of these factors unless fewer factors dispose of the issue. *United States v. Sch. Dist. of Ferndale, Mich.,* 577 F.2d 1339, 1352 (6th Cir. 1978).

As to any claims involving incidents at GRCC and its officials, Plaintiff fails to demonstrate an irreparable injury. To establish irreparable harm there must be an actual, viable, presently existing threat of serious harm. *Mass. Coalition of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). Plaintiff must show injury that is not remote or speculative, but is actual and imminent. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir.) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)), *cert. denied*, 534 U.S. 955 (2001). As Plaintiff is no longer incarcerated at the GRCC, preliminary injunctive relief must be denied as he fails to show any actual, immediate, or continuing threat of serious harm arising out of the purported past acts occurring at that institution.

It is unclear whether Officer Tyler and Sergeant Noles are employees of GRCC or KSP. Regardless, the acts complained of against these individuals occurred sometime in the past, and Plaintiff has alleged no continuing threats or problems with these officers. He has also failed to demonstrate exhaustion of available administrative remedies as to those claims. Thus, any

4

preliminary injunctive relief against those officials fails on both the irreparable-harm and the likelihood-of-success factor.

Plaintiff further seeks unlimited access to a law library, access to a paralegal inmate or an attorney, provision of communal religious services while housed in segregation, and transfer to GRCC's general population, and he claims a history of two attacks, continued threats, entitlement to workfare, retaliation for filing this lawsuit, a denial of documents needed for a Board of Claims action, and mishandling of legal papers by Officer Roberts.  Plaintiff, however, fails to demonstrate complete exhaustion of available administrative remedies as to any of these incidents, which seemingly occurred or are currently occurring at KSP.[5]  As Plaintiff has not shown a likelihood of success with respect to the aforementioned claims, preliminary injunctive relief is not warranted.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny the motions for preliminary injunctive relief. Despite this result, this Court is compelled to mention that it is troubled by Plaintiff's allegations that he has suffered two assaults and continues to receive threats upon his life.  The Court is nonetheless bound by both statutory and case law mandating exhaustion of available administrative remedies prior to filing suit under § 1983.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold

---

[5]In the second motion for preliminary injunction, Plaintiff does mention that he "has filed grievance directly to the wardens office.  And wrote another complaint to Pattie Treat, his Boss.  Nothing has happened. . . ."  (DN 8).  This statement is insufficient to demonstrate exhaustion.  To be sure, it is unclear exactly what claim or claims he grieved and against whom.  And, even assuming that the grievance pertained to the second assault and/or Officer Roberts' actions which Plaintiff claims led to a second assault, Plaintiff fails to demonstrate that he followed or completed the formal grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) ("[A] prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a).").  Additionally, Plaintiff fails to describe the second attack with any specificity, *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986), providing another reason he is unlikely to succeed on the merits of such a claim.  And, he fails to demonstrate any continuing threat from Officer Roberts.

that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege *excessive force* or some other wrong.") (emphasis added); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that exhaustion is "a precondition to filing an action in federal court").  The Court, however, advises Plaintiff that he "may always refile his complaint and plead exhaustion with sufficient detail to meet [the] heightened pleading requirement."  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).  Because of this Court's concern over Plaintiff's physical safety, it will also send a copy of this Memorandum Opinion to the Warden of KSP, counsel for the Kentucky Department of Corrections ("KDOC"), and the Commissioner of the KDOC.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Commissioner, Kentucky Department of Corrections
       Warden, Kentucky State Penitentiary
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005