## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**ULYSSES S.G. DAVIS III**                                                                                          **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:05CV-84-M**

**CHARLES BASTING** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on Defendants'[1] motion to dismiss/for summary judgment (DN 72). Defendants argue for dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) or, alternatively, seek summary judgment pursuant to Fed. R. Civ. P. 56. Upon review of the record, the Court will grant the motion to dismiss for failure to prosecute.

Plaintiff filed this civil rights action while incarcerated at the Kentucky State Penitentiary. By Memorandum Opinion and Order entered July 20, 2006 (DNs 18 & 20), the Court, on initial review of the complaint under 28 U.S.C. § 1915A, allowed several claims to proceed against various Defendants under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution and against all Defendants under state law. Also on July 20, 2006, the Court entered a Scheduling Order (DN 20), setting discovery, pretrial memoranda, and dispositive motion deadlines. Shortly thereafter, Plaintiff notified the Court of his release from incarceration. Plaintiff litigated this case sporadically until March 26, 2007, when he filed a non-prisoner application to proceed without prepayment of fees (DN 40). That was Plaintiff's last filing and last contact with this Court in this action.[2]

---

[1] All Defendants joined the motion except for the Unknown CTO's, who Plaintiff never identified (or seemingly even attempted to identify) during discovery.

[2] In another pending case, a notice of change of address was filed in October 2007. *See* Civil Action No. 4:05CV-173-M (DN 48). Plaintiff has filed nothing else in that case, and since October 2007, Defendants in the instant case have certified that they have served each of their filings, including the motion to dismiss/for summary judgment, on Plaintiff at the new address.

The Court amended its Scheduling Order in August 2007 (DN 65), extending the deadlines to complete discovery and file pretrial memoranda and dispositive motions, but as already noted, Plaintiff failed to file anything in this action after March 2007. Plaintiff additionally failed to respond to Defendants' motion to dismiss/for summary judgment.

As the record reflects that Plaintiff has taken no action in this case for nearly a year-and-a-half,[3] the Court agrees with Defendants that, for all intents and purposes, Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of his claims against Defendants. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").

Consequently, the Court will grant Defendants' motion to dismiss and will deny their motion for summary judgment as moot.

Because Plaintiff never identified the Unknown CTO Defendants, they, of course, did not join in the other Defendants' motion to dismiss/for summary judgment. Having concluded, however, that Plaintiff has abandoned any interest in prosecuting this action, the Court will dismiss all claims against the Unknown CTO Defendants as well.

---

[3] Nothing that the Court has sent to Plaintiff has been returned by the U.S. Postal Service as undeliverable.

A separate Order will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4414.005